IN THE MATTER OF THE PETITION OF JEREMIAH H. MOORE TO
VACATE AN ASSESSMENT.

The petitioner filed his petition under chapter 338, Laws of 1858, asking to
vacate an assessment for a local improvement in the city of New York.
The prayer of the petition was granted by the Special Term, but the
order thereon was subsequently vacated by a Special Term order, which
was affirmed by the General Term. No order was made, however, deny-
ing the prayer of the petition. *Held*, that the General Term order was
not appealable under subdivision 3 of section 11 of the Code, as it was
not a final order; that the result of the order was to leave the petition
undisposed of and ready to be brought again to a hearing.

(Argued December 12, 1876; decided December 19, 1876.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, affirming an order of
Special Term, setting aside a Special Term order vacating an
assessment on certain property in the city of New York for
regulating Second avenue between Ninety-second and One
Hundred and Eighth streets. The petition was filed under
chapter 338, Laws of 1858, upon the ground that the assess-
ment was not confirmed by the common council and because
the resolutions authorizing it were not published as required.
The order granting the prayer of the petition was, upon
motion, set aside upon affidavits showing that the petitioner
was not the owner and had no interest in the premises.

*A. B. Johnson* for the appellant. The motion to vacate
not having been made within a year, the court had not author-
ity to grant it. ( *Van Benthuysen* v. *Lyle*, 8 How., 312;
*Whitney* v. *Kenyon*, 7 id., 458; *Park* v. *Atwell*, 5 id., 381;
*Potter* v. *Rowland*, 8 N. J., 448.) No appeal was taken
from the order vacating the assessment, and no substantial
right of the adverse party was affected. (*In re Douglas*, 46
N. Y., 42; *In re Astor*, 50 id., 363; Code, § 176.)

*D. J. Dean* for the respondent.

*Per Curiam.* The only authority for this appeal must be found in subdivision 3 of section 11 of the Code, in which it is provided that an appeal will lie to this court "in a final order affecting a substantial right made in a special proceeding." The order here appealed from is not a final order. The petitioner filed his petition under chapter 338 of the Laws of 1858, asking that a certain assessment be vacated. The prayer of the petition, after a hearing at Special Term, was granted by an order duly entered. This order was subsequently, by an order at a Special Term, vacated, and this order was affirmed at General Term; but no order was made denying the prayer of the petition. The result of these orders was to leave the petition as filed in the court ready to be brought to a hearing again. The merits of the case had not finally been disposed of. The petitioner should have gone back to the Special Term and brought his case to a hearing again, and if there defeated, he could, after affirmance at the General Term, have brought his case here by appeal.

The appeal must be dismissed, with costs.

All concur.

Appeal dismissed.